OPINION
Appellant Catherine Lowe (Catherine) appeals the decision of the Columbiana County Common Pleas Court, Juvenile Division, granting custody of her two minor children to the paternal grandparents, Donald and Donna Lowe (grandparents). This court is asked three separate questions. First, did the trial court correctly apply the suitability test? Second, is ineffective assistance of counsel applicable to a civil case awarding custody to a non-parent over a parent? Third, is the decision of the trial court against the manifest weight of the evidence? For the reasons discussed below, the decision of the trial court is reversed and remanded.
 STATEMENT OF FACTS
Catherine Lowe and Donald Lowe II (Donald) were married in 1985. Two children were born from this marriage, Michael and Frederick. In 1998, Catherine and Donald divorced. Catherine and Donald agreed to a shared parenting plan, naming Catherine as the custodial parent. After the divorce Catherine had problems financially supporting the children. The court ordered Donald to pay child support, but he was frequently delinquent with those payments. Both parties freely admit that the paternal grandparents, Donald and Donna Lowe, provided a great deal of financial support for the children after the divorce. They bought them clothes and toys. They paid for scout camps and took the children on vacations. They also kept the children during the week when Catherine had to work.
In August or September 1999, Catherine found a job outside of Ohio. She filed the necessary paperwork to move the children out of Ohio. Neither Donald nor the grandparents objected to the move. Catherine moved with Frederick, the youngest child who was in the second grade at the time, to Illinois. Michael did not move with Catherine because he requested to finish out the semester at East Liverpool. The grandparents agreed to let Michael stay with them. The job in Illinois lasted only a short time. Catherine and Frederick returned to Ohio in December. Frederick went to his grandparent's house in December for the agreed upon Christmas vacation. Catherine proceeded to look for employment in South Carolina. The grandparents discovered Catherine's plans to move to South Carolina with her children. They told her they would not let her move the children. On January 6, Catherine and her children moved in with her sister, mother, and her sister's friend. This residence is admitted by Catherine as being a transitional residence.
In January 2000, the grandparents filed a motion in Common Pleas Court requesting custody of Frederick and Michael. The two general division judges of the Common Pleas Court recused themselves from the case. The grandparents then filed a motion for certification to the juvenile court. The juvenile court properly certified the case. The juvenile court found Catherine unsuitable and stated that it would be detrimental to the children to remain in her custody. It is undisputed that Donald is unsuitable to have custody of the children. The court granted custody to the grandparents. Catherine and Donald were each granted visitation rights. Catherine timely appealed.
Catherine raises three assignments of error. The first of which contends:
 "THE TRIAL COURT ERRED IN IT'S INTERPRETATION AND APPLICATION OF THE STANDARDS FOR PLACING A MINOR CHILD WITH A NON-PARENT UNDER CURRENT THE (SIC) LAW THAT WAS PREJUDICIAL TO THE APPELLANT."
In proceedings involving the custody and welfare of children, the power of the trial court to exercise discretion is peculiarly important.Thompson v. Thompson (1987), 31 Ohio App.3d 254, 258, citing Trickey v.Trickey (1952), 158 Ohio St. 9, 13. The knowledge obtained through contact with and the observation of the parties and through independent investigation cannot be conveyed to a reviewing court by printed record.Roach v. Roach (1992), 79 Ohio App.3d 194, 208, citing Trickey,158 Ohio St. at 13.
A parent's right to raise his/her children has been characterized as an essential basic civil right. Stanley v. Illinois (1972), 405 U.S. 645,651. Child custody disputes under Ohio law are governed by two different statutes, R.C. 2151.23 and R.C. 3109.04.[1] These statutes have different standards for determining who should be granted custody. The trial court correctly applied R.C. 2151.23, the juvenile court statute. R.C. 2151.23 is the juvenile court statute that confers jurisdiction on the juvenile court to hear cases determining the custody of any child not a ward of another court of this state. This statute does not state a standard to determine custody. However, common law has applied the suitability test. In re Perales (1977), 52 Ohio St.2d 89, syllabus. Under R.C. 2151.23 a non-parent cannot be awarded custody without finding by a preponderance of the evidence that the parent is unsuitable. Id. In determining unsuitability the evidence must show any of the following: 1) that the parent abandoned the child; 2) that the parent contractually relinquished custody of the child; 3) that the parent has become totally incapable of supporting or caring for the child; or 4) that an award of custody to the parent would be detrimental to the child. Id.
The suitability test is different from the "best interest" test. A pure "best interest" test looks totally to the best situation available to the child and places the child in that situation. Thrasher,3 Ohio App.3d at 213. The Perales test requires some detriment to the child be shown before he/she is taken away from an otherwise suitable parent. Id. Unsuitability does not necessarily connote some moral or character weakness. Perales, 52 Ohio St.2d at 99. Simply because one situation or environment is the "better" situation does not mean the other is detrimental or harmful to the child. In re Porter (1996),113 Ohio App.3d 583, 589. While the welfare of the child is a primary consideration, suitable parents have a paramount right. In re Pryor
(1993), 86 Ohio App.3d 327, 334.
The court stated in its judgment entry that Catherine is not a suitable parent for the children. In making this determination the trial court states that it is not comparing the grandparent's residence to Catherine's residence. However, throughout the court's discussion of Catherine being unsuitable, it consistently refers to the household of the grandparents. Despite the trial court's pronouncement to not compare the residence, it did in fact compare the two households. Under the suitability test, the trial court cannot compare the two residences.Porter, 113 Ohio App.3d at 589. Therefore, the trial court is not correctly applying the suitability test, rather it appears that it is applying the best interest test.
Furthermore, the trial court relied on the guardian ad litem's report to find Catherine unsuitable. A guardian ad litem's duty is to protect the interests of the child. Juv.R. 4(B)(2). In determining the suitability of a parent, the guardian ad litem's testimony as to the pure best interest of the child cannot be used. See Porter,113 Ohio App.3d at 589. The guardian ad litem's report stated that she believes it would be in the "best interest" of the children to be in the custody of the grandparents. Nowhere in this report does the guardian ad litem state that Catherine is "unsuitable." While the only job of the guardian adlitem may have been to examine the best interest of the children, the court should not have relied on the report when considering the suitability of Catherine. The heavy reliance on the guardian ad litem's
report is another indication that even though the trial court stated it was applying the suitability test, in reality it was applying the best interest test.
Catherine's second and third assignments of error contend:
 "THE APPELLANT WAS PREJUDICED IN THIS MATTER DUE TO INNEFECTIVE (SIC) ASSISTANCE OF COUNSEL WHO FAILED TO INVESTIGATE AND PROVIDE EVIDENCE BENEFICIAL TO THE APPELLANT."
 "THE FINDING OF THE TRIAL COURT IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND SHOULD BE OVERTURNED OR REMANDED FOR FURTHER TRIAL."
This court has already decided that the trial court incorrectly applied the suitability test to the facts of this case, therefore, we need not address the merits of the second and third assignments of error as they are moot.
For the foregoing reasons, the decision of the trial court is hereby reversed and this cause is remanded for a new hearing according to law and consistent with this court's opinion.
Donofrio, J., concurs.
Waite, J., concurs.
[1] R.C. 2151.23 is the juvenile court statute that confers jurisdiction on the juvenile court to hear cases to determine the custody of any child not a ward of another court of this state. R.C. 3109.04 is the domestic relations statute for awarding parental control. This statute also allows the court to award custody to a non-parent. R.C.3109.04. However, this statute states that the standard is the "best interests" of the child. R.C. 3109.04.